IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KEVIN FUSCO,                      )
Reg. No. 81314-053,               )
                                  )
        Petitioner,               )
                                  )
    v.                            )   CIVIL ACTION NO. 2:19-CV-216-MHT
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION AND PROCEDURAL HISTORY

This civil action is before the court on a "Petition for Leave to File Habeas Corpus"

filed by Kevin Fusco, a federal inmate currently confined at the Maxwell Federal Prison

Camp, which was referred to this court by the Eleventh Circuit Court of Appeals.  A review

of the request for leave to file a habeas corpus petition establishes that Fusco seeks leave

to file a 28 U.S.C. § 2241 petition for habeas corpus relief to challenge the alleged lack of

Article III powers held by the sentencing court, the United States District Court for the

Southern District of Florida, to enter a judgment and conviction against him. Doc. 1 at 1.[1]

In a prior case filed by Fusco as a  28 U.S.C. § 2241 habeas corpus petition raising

the same claim for relief, *Fusco v. United States*, 2:18-CV-839-MHT-CSC (M.D. Ala.

---

[1]The United States District Court for the Southern District of Florida imposed convictions upon Fusco for conspiracy to distribute a controlled substance and conspiracy to commit money laundering in October of 2017.

2018), this court, due to Fusco's challenge to the constitutionality of his convictions and sentences based on the trial court's purported lack of jurisdiction over criminal cases, construed the § 2241 habeas petition as a 28 U.S.C. § 2255 motion to vacate and transferred the motion to the United States District Court for the Southern District of Florida for review and disposition. On December 14, 2018, a Magistrate Judge for the Southern District of Florida entered a Report and Recommendation finding that Fusco's claims challenging that court's lack of jurisdiction over his criminal cases "are frivolous and should be dismissed summarily. Federal courts have consistently rejected the argument that Congress unlawfully enacted Title 18 and that, therefore, federal district courts lack jurisdiction over criminal cases." *Fusco v. United States*, Case No. 1:18-CV-24916-UU (S.D. Fla. 2019), Doc. 22 at 5 (citing cases). The Report and Recommendation further found that:

> "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . . That's the beginning and the end of the 'jurisdictional' inquiry." *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001) (citing *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). Section 3231 provides that the "district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."
>
> Here, the government charged movant with, and movant was adjudged guilty of, offenses against the laws of the United States. . . . Therefore, the district court had jurisdiction over his criminal prosecution.

*Id*. at 6 (footnote omitted). On January 4, 2019, the United States District Court for the Southern District of Florida adopted the Report and Recommendation as the opinion of that court and dismissed Fusco's 28 U.S.C. § 2255 motion to vacate as frivolous. *Id*., Doc. 24 at 1–2.

## II.  DISCUSSION

The Southern District of Florida clearly and specifically addressed Fusco's claims challenging its jurisdiction over his criminal cases and found this challenge frivolous as the law is well settled that federal courts have jurisdiction over cases involving violations of the laws of the United States.  Despite this finding, Fusco in the instant petition to file a 28 U.S.C. § 2241 habeas petition alleges that the Southern District of Florida did not "directly address" his challenge to that court's jurisdiction over his criminal cases and presents this erroneous statement in support of his assertion that he should be permitted to file a § 2241 habeas corpus petition as the remedy afforded by § 2255 "is 'ineffective' or 'inadequate'[.]" Doc. 1 at 1.

As previously determined by this court in *Fusco v. United States*, 2:18-CV-839-MHT-CSC (M.D. Ala. 2018), any challenges raised by Fusco regarding the lack of jurisdiction of the United States District Court for the Southern District of Florida to adjudicate his criminal cases are not proper claims for relief in a 28 U.S.C. § 2241 habeas petition. *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017), *cert. denied*, --- U.S. ---, 138 S.Ct. 502 (Dec. 4, 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017).  Moreover, contrary to Fusco's assertion, the United States District Court for the Southern District of Florida specifically addressed the jurisdictional issues on which he seeks to proceed before this court and found them frivolous.  The mere fact that the Southern District of Florida denied Fusco relief on his § 2255 motion because it deemed the claims attacking its

jurisdiction without merit does not render § 2255 inadequate or ineffective. *McCarthan*, 851 F.3d at 1090 (When an inmate presents claims attacking the validity of his conviction and sentence, his lack of success on the merits of these claims in a prior § 2255 action does not allow him to invoke the saving clause of § 2255(e) to seek relief in a § 2241 petition as "the remedy by [§ 2255] motion is adequate and effective to test the legality of his detention.").

In light of the foregoing, it is clear that Fusco should be denied leave to file a 28 U.S.C. § 2241 habeas corpus petition with this court to challenge the Southern District of Florida's jurisdiction to impose judgment and conviction upon him in his criminal cases.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  The Petition for Leave to File a Habeas Petition under 28 U.S.C § 2241 for the purpose of challenging the jurisdiction of the United States District Court for the Southern District of Florida to impose judgment and conviction in criminal cases filed by Kevin Fusco be DENIED.

2.  This case be CLOSED.

On or before **April 22, 2019** the petitioner may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 8th day of April, 2019.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE